UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES P. TEUFEL, on behalf of himself and all others similarly situated, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 14-cv-7214 and |
| | ) | Case No. 15-cv-2822 |
| THE NORTHERN TRUST COMPANY, | ) | |
| THE NORTHERN TRUST COMPANY | ) | |
| PENSION PLAN, THE NORTHERN TRUST | ) | Judge John W. Darrah |
| COMPANY EMPLOYEE BENEFIT | ) | |
| ADMINISTRATIVE COMMITTEE, | ) | |
| KATIE O'NEILL, KIM SOPPI, | ) | |
| BOB CHAPELLE, YUAN CHEN, | ) | |
| AMYRE COLEMAN, HEATHER HESTON, | ) | |
| DAWN ROMEI, MARK SULLIVAN, | ) | |
| MARK WELCH, DIANE HUGHES, and | ) | |
| CHANDRA WILENSKY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

On March 20, 2016, Plaintiff James P. Teufel filed a Second Amended Complaint against

Defendants The Northern Trust Company, The Northern Trust Company Pension Plan,

The Northern Trust Company Employee Benefit Administrative Committee, Katie O'Neill,

Kim Soppi, Bob Chapelle, Yuan Chen, Amyre Coleman, Heather Heston, Dawn Romei,

Mark Sullivan, Mark Welch, Diane Hughes, and Chandra Wilensky, pursuant to the

Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001,

*et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.*, on

behalf of himself and other participants in The Northern Trust Company Pension Plan.

Defendants filed a Motion to Dismiss [66]. For the reasons set forth below, Defendants' Motion

[66] is granted.

**BACKGROUND**

The following is taken from Plaintiff's Amended Complaint, which is assumed to be true for purposes of a motion to dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010).

Plaintiff resides in Cook County, Illinois. Plaintiff is an employee of The Northern Trust Company and a participant in The Northern Trust Company Pension Plan (the "Plan"). (Compl. ¶ 1.) Defendant The Northern Trust Company ("Northern") is an Illinois banking corporation with its principal place of business located in Chicago, Illinois. Northern is the sponsor of the Plan within the meaning of ERISA Section 3(16)(B), 29 U.S.C. § 1002(16)(B), the trustee of the Pension Trust, and the fiduciary of the Plan. (Compl. ¶ 2.) The Plan is a defined benefit pension plan within the meaning of ERISA. Defendant The Northern Trust Company Employee Benefit Administrative Committee (the "Benefit Committee") is the named Plan Administrator and named Plan Fiduciary. Defendants Katie O'Neill, Kim Soppi, Bob Chapelle, Yuan Chen, Amyre Coleman, Heather Heston, Dawn Romei, Mark Sullivan, Mark Welch, Diane Hughes, and Chandra Wilensky ("Committee Members") are, or were, members of the Benefit Committee and Plan fiduciaries during the relevant period. Plaintiff asserts claims under ERISA and ADEA against Northern, the Plan, the Benefit Committee, and the Committee Members.

Plaintiff began his employment at Northern on or about March of 1998. Plaintiff became a participant in the Plan at that time. Over the course of Plaintiff's employment at Northern, his average annual compensation increases have exceeded 5.1 percent. Until 2002, the Plan provided defined pension benefits pursuant to a formula referred to as the "Traditional Benefit Formula."

In 2002, the Plan was amended to add a second formula, the Pension Equity Plan Benefit Formula (the "PEP Formula"), in addition to the Traditional Benefit Formula. Participants who already had an Accrued Benefit were permitted to choose which formula would apply to them going forward. Plaintiff chose the Traditional Benefit Formula. Effective April 1, 2012, Northern further amended the Plan by providing that no additional Credited Service would be recognized under the Traditional Formula ("2012 Amendment"). (Dkt. 42 ¶¶ 22-23.) Instead, a revised PEP Formula applied to all participants for all periods of service after March 31, 2012.

On January 26, 2012, Northern issued a notice of the upcoming Plan changes to the Plan's participants. The notice stated:

> If you are a Pension Plan participant who is currently under the Traditional Formula, your benefits earned after March 31, 2012 will be calculated under the Pension Equity Plan (PEP) Formula. This change will not impact benefits earned under the Traditional Formula through March 31, 2012.
> - Credited service and eligible compensation under the Traditional Formula will be determined as of March 31, 2012.
> - This eligible compensation, determined as of March 31, 2012, will be increased at a rate of 1.5% per year for the time period you continue to earn benefits under the Pension Plan.

(Dkt. 42-4 at 1.)

## LEGAL STANDARD

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). However,

plaintiffs are not required to "plead the elements of a cause of action along with facts supporting each element." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 517 (7th Cir. 2015). Rather, the complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555). When evaluating a Rule 12(b)(6) motion, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Twombly*, 550 U.S. at 555-56.

## ANALYSIS

As a preliminary matter, Plaintiff filed a Motion [110] to strike and deem waived, "new arguments and assertions" made in Defendants' Reply in Support of their Motion to Dismiss [104]. It is well established that arguments raised for the first time in the reply brief are waived. *Mendez v. Perla Dental*, 646 F.3d 420, 424 (7th Cir. 2011). When the nonmovant raises new issues or arguments in response to a summary judgment motion, the movant is entitled to respond to those new issues in its reply brief. *See Central States, Southeast and Southwest Areas Pension Fund v. White*, 258 F.3d 636, 640 n. 2 (7th Cir. 2001). To the extent that Defendants' Reply in Support of their Motion to Dismiss contain arguments not previously raised and not in response to arguments raised by Plaintiff, these arguments will be deemed waived.

### *ERISA Claims*

Plaintiff alleges that the 2012 Plan Amendment illegally decreased his accrued benefit in two ways: (1) locking the average compensation as of March 21, 2012, and increasing the average compensation by 1.5 percent per year instead of basing the average compensation on the highest annual average in any five-consecutive-year period; and (2) by freezing increases in

Final Offset Compensation at 1.5 percent for the time period after the adoption of the 2012 Plan Amendment.

Under ERISA, the "accrued benefit of a participant under a plan may not be decreased by an amendment of the plan, other than an amendment described in section 1082(d)(2) or 1441 of this title." 29 U.S.C.A. § 1054(g)(1). Under the Traditional Benefit Formula, a participant's "Accrued Benefit" was calculated by: (1) multiplying 1.8 percent of a participant's "Average Compensation" by his number of years of "Credited Service" (up to thirty-five years); and then (2) subtracting (0.5 percent of the lesser of Final Offset Compensation or Covered Compensation) multiplied by his number of years of "Credited Service" (up to thirty-five years).

Accrued Benefit was defined as "the monthly benefit payable under the Plan in the form of a single life annuity upon the participant's attainment of 'Normal Retirement Age'." The Plan defined "Average Compensation" as "the highest annual average of the Compensation received by the participant during the full calendar months in any five-consecutive-year period that occurs in the participant's years of Credited Service." "Credited Service" was defined as the time the participant was employed by Northern and eligible to participate in the Plan. (Dkt. 42-1.) The 2012 Amendment stated that a participant's Accrued Benefit includes the "Accrued Benefit, if any, under the [Traditional Formula] as of March 31, 2012."

Defendants argue that any increases to the Accrued Benefit after 2012 were potential increases and had not actually accrued and were not protected by ERISA. Plaintiff cites to several cases that allegedly protect benefits based on future occurrences. In *Hickey v. Chicago Truck Drivers, Helpers and Warehouse Workers Union*, 980 F.2d 465 (7th Cir. 1992), the Seventh Circuit held that a cost-of-living adjustment was an essential element of the

retirement benefit that could not be eliminated without violating the anti-cutback rule. *Hickey*, 980 F.2d at 470. However, the cost-of-living adjustment in *Hickey* would have applied no matter what those workers did. It was not dependent on any future events. Similarly, in *Ruppert v. Alliant Energy Cash Balance Pension Plan*, 726 F.3d 936 (7th Cir. 2013), the Seventh Circuit held that a benefit calculation was invalid because it had the effect of reducing future interest rates. Again, those future rates were not dependent on anything a plan participant did. That interest would have accrued regardless. In *Shaw v. Int'l Ass'n of Machinists & Aerospace Workers Pension Plan*, 750 F.2d 1458 (9th Cir. 1985), a pension contained a "living pension" feature that matched increases in the retiree's pension benefits to salary increases in the position the retiree held immediately prior to retirement. *Shaw*, 750 F.2d at 1460. The Ninth Circuit held that the living-pension feature was not "conditional," because it was based on "an occurrence wholly outside the pensioner's control." *Id.* at 1464.

In this case, the Average Compensation, as defined by the Plan, was dependent on possible future wage increases and dependent on Plaintiff's continued employment with Northern. As the Supreme Court stated, "employers are perfectly free to modify the deal they are offering their employees, as long as the change goes to the terms of compensation for continued, future employment." *Cent. Laborers' Pension Fund v. Heinz*, 541 U.S. 739, 747 (2004). "Where the right to future benefit accruals are contingent on additional service, such future increases are not presently accrued benefits." *Cinotto v. Delta Air Lines Inc.*, 674 F.3d 1285, 1297 (11th Cir. 2012). In *Cinotto*, the Eleventh Circuit held that a more favorable social security offset had not accrued when an amendment changed the plan, because Plaintiff had not yet reached the age where the favorable offset applied. *Cinotto*, 674 F.3d at 1296-97. The right

to a more favorable offset was "entirely dependent" on Plaintiff's providing future service until that age. *Id.* At most, Plaintiff had "an expectation of a future accrual." *Id.* at 1297. Under the Plan here, future benefit accruals, *i.e.*, a higher Accrued Benefit based on potential future raises, were contingent on additional service, and additional raises. Additional service and raises are not wholly outside Plaintiff's control, and an increased Accrued Benefit would not have necessarily occurred. At most, Plaintiff here had an expectation of future accrual of a higher Accrued Benefit.

Further, the terms of the Plan did not consider possible future service. Plaintiff cites to *Savani v. URS Prof'l Sols., LLC*, 592 F. App'x 166 (4th Cir. 2014), where the Fourth Circuit held that an early retirement pension supplement "explicitly incorporated future service into the calculation of an accrued benefit." *Savani*, 592 F. App'x at 172-73. Here, the Plan authorized Northern to amend the terms so long as it did not "decrease the Accrued Benefit of any Member (determined as of the time the amendment was adopted)." Dkt. 42-2, § 13.1. Further, Credited Service was calculated as the years "completed" and did not guarantee benefits based on future years' service or possible raises.

Plaintiff was dependent on future employment and raises to become eligible for the potentially higher Accrued Benefit. Additionally, the language of the Plan did not entitle Plaintiff to have his Accrued Benefit based on uncompleted years of service that may or may not

have included raises.  The 2012 Amendment did not violate ERISA's anti-cutback provision.

Therefore, Defendants' Motion to Dismiss is granted as to Counts I-V.[1]

*ADEA Claims*

The ADEA makes it unlawful for an employer to discriminate against any employee

"because of" that individual's age. 29 U.S.C. § 623(a).  Section 4(i)(1) of the ADEA prohibits

"the reduction of the rate of an employee's benefit accrual, because of age."  29 U.S.C. §

623(i)(1)(A).  A plan complies with section 4(i)(1) if a participant's accrued benefit would be

equal to or greater than that of any similarly situated, younger individual who is or could be a

participant.  29 U.S.C. § 623(i)(10)(A)(i).  Defendants argue that Plaintiff's ADEA claims fail

because the Plan complies with section 4(i)(1) and "[c]ompliance with the requirements of

[section 4(i)] with respect to an employee pension benefit plan shall constitute compliance with

the requirements of this section relating to benefit accrual under such plan."  29 U.S.C.

§ 623(i)(4).

Plaintiff argues that the 2012 Amendment does not qualify for the ADEA "safe harbor"

provision because it applies to benefit accruals, and the alleged reductions for older workers

constitute reductions in accrued benefits.  Specifically, Plaintiff alleges that the 2012

Amendment disparately impacted older workers in the following ways:  (1) it reduced funding

costs and benefits for older Traditional Formula participants without a similar reduction for

---

[1] Plaintiff argues that even if his anti-cutback claim fails, his notice claim under ERISA still survives.  ERISA requires written notice for any amendment to a plan that provides for a significant reduction in the rate of benefit accrual.  29 U.S.C. § 1054(h).  Plaintiff argues that notice of the 2012 Amendment was deceptive and misleading because the 2012 Amendment improperly reduced accrued benefits, while the notice stated that accrued benefits would not be affected.  As discussed, the 2012 Amendment did not improperly reduce accrued benefits, so the notice was not misleading.

younger PEP Formula Participants; (2) it froze Final Offset Compensation in a manner that causes a greater reduction in benefits for workers closer to retiring and raises the benefits of many younger workers; and (3) created compensation structures that froze benefits and reduced compensation for older workers and did not freeze benefits or reduce compensation for younger workers. As discussed above, these alleged reductions do not affect accrued benefits, but the calculation of future Accrued Benefits, or the rate of benefit accrual.

Defendants contend that the 2012 Amendment subjects all participants to the exact same changes to future benefit accruals, regardless of age; thus, the Plan complies with the requirements of section 4(i). In cases such as these, "it is essential to separate age discrimination from other characteristics that may be correlated with age." *Cooper v. IBM Pers. Pension Plan*, 457 F.3d 636, 642 (7th Cir. 2006). While *Cooper* applies to age discrimination claims under ERISA, the same logic applies to age discrimination claims under the ADEA. Plaintiff attempts to distinguish *Cooper* by noting that the inquiry in that case focused on the pension plan's funding costs, and not the reduction of benefits. However, whether Plaintiff alleges that the Plan is discriminatory because of the changes in just funding costs or that the Plan is discriminatory because of changes in both funding costs and future benefits does not affect the overall inquiry as to whether the 2012 Amendment discriminates against older workers. Here, as in *Cooper*, any differences in pension benefits as a result of the 2012 Amendment are a result of differing years of service. Older workers are more likely to have worked longer and are more likely to have begun work when the Traditional Formula was in place. The 2012 Amendment removed the application of a formula that was more favorable toward older workers and replaced it with a

formula that applies to all workers. Thus, Defendants' Motion to Dismiss Counts VI and VII is granted.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss [66] is granted. Plaintiff's Second Amended Complaint is dismissed without prejudice. Plaintiff is granted leave to file an amended complaint within thirty days of the entry of this Order, if he can do so in a manner consistent with this Opinion and Rule 11 of the Federal Rules of Civil Procedure.

Date: ____March 6, 2017____          /s/ _____
                                          JOHN W. DARRAH
                                          United States District Court Judge